press the jury with the truth of their statements, and yet their evidence may not be sufficient to remove a reasonable doubt justly founded upon their testimony. It is true that in other parts of the charge the court instructed the jury as to reasonable doubt and the benefit assured therefrom to the defendants; but this was an isolated, cogent instruction that, when the jury determines who tells the truth, it thereby, as matter of law, also determined innocence or guilt. If there be error, it is not incumbent on the defendants to show how it prejudiced them, but the prosecution is bound to show that the defendants could not possibly have been injured by it. People v. Helmer, 154 N. Y. 596, 49 N. E. 249. Even if the remarks of the court laid down no absolutely erroneous rule of law, yet it is within our discretion to set aside the verdict if we see that such remarks improperly influenced the jury. Conners v. Walsh, 131 N. Y. 590, 30 N. E. 59. Our power to order a new trial is clear, irrespective of the question whether the error is presented by an exception. Section 527, Code Cr. Proc. Whether, in our opinion, the evidence points clearly to the guilt of the defendants does not matter. The sole question before us is whether the defendants had a fair trial upon the evidence, and with the full observance of all the safeguards which the law affords.

The judgment of conviction should be reversed, and a new trial ordered. All concur.

---

BALTIMORE MACH. WORKS v. McKELVEY.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. DEFENDANT'S BILL OF PARTICULARS—DAMAGES—LOSS OF TENANTS—DEFINITENESS—LOSS OF PROFITS—AMOUNT OF RENT—NAMES OF TENANTS.

In an action for the price of elevators delivered and installed, defendant set up a counterclaim owing to failure to properly install the elevators, and for imperfect installation, and his bill of particulars stated that two lessees surrendered their leases, and that others to whom he might have rented refused to rent, because the elevators were not running. *Held* proper to require a further bill of particulars, giving the names and last known addresses of the tenants who canceled their leases because the elevators were not in operation, and the sums which the defendant would have received had they fulfilled their contracts; and also the names and addresses of the persons who refused to rent because of plaintiff's failure, and the rental value of the apartments which such persons refused to take.

2. SAME—ORDER FOR BILL—TERMS—AMENDMENT.

The order for the further bill provided that if the defendant failed to serve the bill he should be precluded from giving any evidence of the items, matters, and damages contained in the answer. *Held* that, the terms of the order being open to the criticism that they forbade proof, in case the bill were not furnished, of general damages, such as the difference between the rental value of the premises with and without the elevators, the bill should be amended so as to remedy the defect.

Appeal from special term.

Action by the Baltimore Machine Works against John McKelvey. From an order granting plaintiff's motion for a further bill of particulars, defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

I. Newton Williams, for appellant.

Howard Hasbrouck, for respondent.

O'BRIEN, J. The action is brought to recover the sum of $2,000 on a promissory note, the consideration for which was the manufacture, delivery, and installation by the plaintiff of two electric passenger elevators in a certain building of the defendant situated in the city of New York. In addition to a general denial and an affirmative defense of no consideration, the defendant in his answer sets up a counterclaim due, as alleged, to the failure of the plaintiff to deliver the two elevators within the contract time, and to the imperfect installation thereof after delivery, whereby the defendant failed to rent his apartments and lost the rents and profits thereof for the year beginning October 1, 1900, for which loss, in the nature of damages sustained, he demands judgment against the plaintiff for $22,500. In the bill of particulars furnished, the defendant states, among other things, that he rented two apartments the lessees of which surrendered their leases about October 1, 1900, because the elevators were not installed and running; and, further, that he could have rented some of the other apartments to persons who examined them and expressed themselves willing to hire them, but who refused to do so, as the elevators were not running. The portion of the order appealed from, granting plaintiff's motion for a further bill of particulars, directs the defendant to give the names and last known addresses of the tenants who rented the two apartments referred to and who canceled their leases because the elevators were not in operation, and the sums which the defendant would have received had they fulfilled their contracts; and to give also the names and addresses of the large number of persons who were not able to rent said premises, and who refused to do so because of plaintiff's failure, and the rental value of the apartments which such persons refused to take. The direction that these particulars should be furnished was, we think, right; and were it not that the order entered upon the direction is in terms rather broad, and might be construed as preventing the defendant from introducing any evidence bearing upon the rental value of the apartments, we should be content with affirming the order. The provision is "that if the defendant fail to serve such further bill of particulars * * * he be precluded from giving any evidence upon the trial of this action of the items, matters and damages contained in said amended answer as to which said further bill of particulars is ordered." The particulars directed to be given are in the nature of special damages, and it was proper, therefore, in order to prevent surprise upon the trial, that they should be furnished or the defendant precluded from giving evidence thereof. We do not think, however, that it was the intention of the learned judge at special term by the order entered (which, unless the particulars mentioned were furnished, would exclude evidence as to these special damages), to prevent the defendant from introducing what evidence he may

have tending to prove general damages. "Those [damages] which necessarily result from the injury are termed general damages. * * * Such damages as are the natural, although not the necessary, result of the injury, are termed special damages." Vanderslice v. Newton, 4 N. Y. 132; also, Stevens v. Rodger, 25 Hun, 54. The measure of damages (general) would be the difference in the rental value of the apartments with, and the rental value without, the elevators; and the special damages are those which might arise because particular persons would not lease, or, having leased, terminated their leases for the reason that the elevators were not furnished. The loss of particular rentals, therefore, being special damages, it was entirely proper that the special term should direct that the particulars demanded should be given. This, no doubt, was all that was intended; but in view of the criticism which has been made of the language employed in the order, and which is rather broad, we think, to avoid any misunderstanding as to its scope it should be limited as indicated, and the order, as so modified, should be affirmed, without costs. All concur.